No. _____

### IN THE UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT

IN RE HAGENS BERMAN SOBOL SHAPIRO LLP and STEVE W. BERMAN,

*Petitioners*,

UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA,

*Respondent*,

### PETITIONERS' MOTION TO FILE
### UNDER SEAL
Hon. Paul S. Diamond, United States District Judge
No. 2:11-cv-05782 PD (E.D. Pa.)
AND ALL RELATED CASES

Christopher C. Conner (PA Bar I.D. 36407)
**SAXTON & STUMP**
4250 Crums Mill Road, Suite 201
Harrisburg, PA 17112
Telephone: (717) 216-5522
*cconner@saxtonstump.com*

Gaetan J. Alfano (PA Bar I.D. 32971)
Peter St. Tienne Wolff (PA Bar I.D. 208433)
**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI LLP**
1818 Market Street, Suite 3402
Philadelphia, PA 19102
Telephone: (215) 320-6200
*gja@pietragallo.com*
*PSW@pietragallo.com*

Keith Beauchamp (AZ Bar I.D. 12434)
Malvika A. Sinha (AZ Bar I.D.038046)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
Telephone: (602) 381-5490
*kbeauchamp@cblawyers.com*
*msinha@cblawyers.com*

*Attorneys for Petitioners*

## Motion to File Under Seal

For the reasons stated below, Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Steve W. Berman ("Mr. Berman") (collectively, "Petitioners"), through undersigned counsel, respectfully move to file under seal their Petition for Writ of Mandamus ("Petition") and Volumes 3, 4, and 5 of the Appendix to the Petition and request that those materials be permanently sealed. In support of the motion, Petitioners state as follows:

1. The Petition requests that the Court compel the district court (Diamond, District Judge) to disqualify himself and strike the district court's order of December 2, 2025.

2. The Petition references sealed portions of Hagens Berman's Objections to the Special Discovery Master's Report and Recommendations and associated exhibits dated October 12, 2023 ("December 2023 Objections").

3. The Appendix to the Petition contains four volumes of material to assist this Court in evaluating the Petition. Volumes 3, 4, and 5 are comprised entirely of the following, non-public, privileged materials: (1) an unredacted copy of the Response to Order to Show Cause filed by Petitioners on October 4, 2025 ("October 2025 Response to OSC"); and (2) an unredacted copy of the December 2023 Objections.

4. This Court has held that "there is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). However, this common law right is "not absolute," and the presumption of access may be rebutted by a showing that "the interest in secrecy outweighs the presumption," i.e., "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (cleaned up). The party seeking to overcome the presumption of access bears the burden of making this showing. *Id.* Similarly, this Court's local rules provide that a motion to seal must set forth "with particularity" the reasons why sealing is deemed necessary. *See* 3d Cir. L.A.R. 106.1.

5. Filing under seal is an appropriate procedure for protecting client confidences and the attorney-client privilege. *E.g., Yarnall v. Phila. Sch. Dist.*, 57 F. Supp. 3d 410, 431 n.15 (E.D. Pa. 2014). Hagens Berman has no right to – and, indeed, is obligated not to – waive any privilege with respect to its clients. Here, the redacted language in the Petition and the materials contained in Volumes 3, 4, and 5 of the Appendix reference or include privileged material that: (i) has already been placed under seal by the District Court; and/or (ii) has never been publicly filed. Specifically:

a. The October 2025 Response to OSC references and in some cases attaches numerous documents that contain attorney-client privileged communications as well as work-product material. *See* ECF No. 845.[1] For this reason, Petitioners received advance permission to file an unredacted copy of the October 2025 Response to OSC under seal to maintain the attorney-client and/or work product privileged nature of these communications. ECF No. 850.[2] To ensure that the applicable privileges and protections are maintained, the Court should similarly allow the unredacted version of the October 2025 Response to OSC to be filed under seal here.

b. The December 2023 Objections also reference and in some cases attaches numerous documents (including the 2023 declaration) containing attorney-client privileged communications and/or attorney work-product of both Hagens Berman and its co-counsel. *See, e.g.,* ECF No. 779. For this reason, Hagens Berman received advance permission to file an unredacted copy of the December 2023 Objections under seal to maintain the attorney-client and/or work product privileged nature of these communications. ECF No. 787 at 2. To ensure

---

[1] The use of "ECF No." denotes reference to the docket in *Johnson et al. v. SmithKline Beecham Corporation et al.*, 2:11-cv-05782-PD (E.D. Pa.).
[2] While the district court permitted Petitioners to file their October 2025 Response to OSC under seal, it also required Petitioners to identify the bases for their various assertions of privilege, which Petitioners did in separate correspondence with SDM Hangley. *See* ECF No. 850.

that the applicable privileges are maintained, the Court should similarly allow the unredacted version of these materials to be filed under seal here.

  c. And because the redacted language in the Petition is a summation of material protected by the work product doctrine, the Court should permit Petitioners to file a publicly available copy of the redacted Petition and file an unredacted copy under seal.

  6. Finally, with respect to the Volumes of the Appendix, "[t]he court may order that a filing be made under seal without redaction." Fed. R. Civ. P. 5.2(d). Here, the sealing of Volumes 3, 4, and 5 in their entirety is appropriate given that the materials contained therein are extremely voluminous; given the time sensitivity of the Petition—which requests that the Court compel the District Court to disqualify himself and strike the District Court's order of December 2, 2025—a line-by-line redaction is not feasible.

  Wherefore, Petitioners respectfully request that the Court grant its Motion to File under seal an unredacted copy of the Petition and Volumes 3, 4, and 5 of the Appendix submitted in support thereof.

Date: December 12, 2025       Respectfully submitted,

                 **SAXTON & STUMP**

                 *s/ Christopher C. Conner*
                 Christopher C. Conner
                 4250 Crums Mill Rd., Ste. 201

Harrisburg, PA 17112
(717) 216-5505
cconner@saxtonstump.com

***Attorneys for Petitioners***

# Certificate of Service

I hereby certify that on December 12, 2025, copies of the foregoing **Motion to File Under Seal** and were served via email upon all counsel of record and parties proceeding pro se in this matter at the following email addresses:

MICHAEL T. SCOTT     mikescottlaw@outlook.com, dford@reedsmith.com, jhenry@reedsmith.com, mscott@reedsmith.com

GAETAN ALFANO     gja@pietragallo.com, pk@pietragallo.com

ROBERT E. WELSH, JR rewelsh@welshrecker.com, cmcparland@welshrecker.com, rwalk@welshrecker.com

WILLIAM T. HANGLEY whangley@hangley.com, ccm@HANGLEY.COM, ecffilings@hangley.com, jdb@hangley.com

ERIC L. ALEXANDER ealexander@reedsmith.com

ARTHUR DONATO, JR art@artdonato.com, nancymcl@artdonato.com

RACHEL BETH WEIL rweil@reedsmith.com, rachel-weil-8451@ecf.pacerpro.com, reed-smith-2312@ecf.pacerpro.com

STEPHEN J. MCCONNELL smcconnell@reedsmith.com, reed-smith-2312@ecf.pacerpro.com, rgilson@reedsmith.com, stephen-mcconnell-1593@ecf.pacerpro.com

LISA L. SMITH Lsmith@phillipslytle.com, jgarcia@phillipslytle.com, lweber@phillipslytle.com

THOMAS S. WISWALL twiswall@phillipslytle.com, cpalumbo@phillipslytle.com, ecfphillips@phillipslytle.com, jgroat@phillipslytle.com

CINDY K. BENNES ckbennes@phillipslytle.com, dbuckingham@phillipslytle.com, ecfphillips@phillipslytle.com, jcarella@phillipslytle.com

LAURENCE F. PULGRAM lpulgram@fenwick.com, dwalls-stewart@fenwick.com, laurence-pulgram-6364@ecf.pacerpro.com, tgregorian@fenwick.com

Sonja Stenger Weissman sweissman@reedsmith.com

MARTHA M. HARRIS mharris@phillipslytle.com

TAMAR P. HALPERN thalpern@phillipslytle.com, hkosicki@phillipslytle.com, lweber@phillipslytle.com

ELIEZER GRANEK egranek@eckertseamans.com, lspencer@eckertseamans.com

THOMAS J. SHEEHAN tsheehan@phillipslytle.com

TODD RICHARD GREGORIAN tgregorian@fenwick.com, sgray@fenwick.com

FARAH TABIBKHOEI ftabibkhoei@reedsmith.com, vparedes@reedsmith.com

RAYMOND A. CARDOZO rcardozo@reedsmith.com

CARY L. RICE crice@hangley.com, kem@hangley.com

CYNTHIA ALBRACHT-CROGAN ccrogan@cdqlaw.com, ccohoat@cdqlaw.com, vsierra@cdqlaw.com

DAVID C. WEINER daveweiner11@gmail.com

CAROLYN SAMPSON cafsampson@gmail.com

JOSE NAVAMUEL josenavamue@gmail.com

MARY SELLS Sweets77@outlook.com

TERRIE BOLTON tmixon922@gmail.com

DARREN GRIGGS dgriggs622@gmail.com

JOHN MARSHALL jmarshall.marshall9@gmail.com

MARK HARRELLSON harrelson40@bellsouth.net

On this same date, a copy of the **Motion to File Under Seal** was served via email upon Respondent U.S. District Court for the Eastern District of Pennsylvania:

The Honorable Paul S. Diamond
United States District Court, Eastern District of Pennsylvania
601 Market Street, Room 14614
Philadelphia, PA 19106-1773
Chambers_Judge_Paul_S_Diamond@paed.uscourts.gov

Dated: December 12, 2025             s/ *Christopher C. Conner*